UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CHUCK L. JARRELL** | **CIVIL ACTION NO. 08-788-P** |
| **VERSUS** | **JUDGE HICKS** |
| **CARSEY-WERNER PRODUCTIONS, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Chuck L. Jarrell ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on June 2, 2008. Plaintiff is currently incarcerated at the Forcht Wade Correctional Center in Keithville, Louisiana, but he claims his civil rights were violated while incarcerated at the Bossier Medium Security Center in Plain Dealing, Louisiana. He names Carsey-Werner Productions, William Henry Cosby, Jr., the Bossier Parish Sheriffs Department, and the Department of Corrections as defendants.

Plaintiff, a white inmate, claims that while incarcerated at the Bossier Medium Security Center on April 17, 2008, he viewed an episode of the sitcom "A Different World" which was created by William Henry Cosby, Jr. and produced by Carsey-Werner

Productions. He claims the episode contained a scene in which the word "nigger" was spray painted on a car belonging to a black student attending an all white college. He claims that because of the episode, the five white inmates were threatened by the seventy black inmates. He claims the episode caused him to suffer pain, harassment, and loss of affection. He also claims the episode made the "highly racial challenged" prison environment more dangerous and challenging. He claims he was caused undue stress. He claims he lost friendships because of the bad feelings created by the episode. He claims he must take four different medications because of this incident.

Accordingly, Plaintiff seeks monetary compensation, injunctive relief, and costs.

For the reasons that follow, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

### Carsey-Werner Productions and William Henry Cosby, Jr.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Plaintiff has not alleged any action that would give rise to defendants Carsey-Werner Productions and William Henry Cosby, Jr. being state actors for purposes of Section 1983. Accordingly, Plaintiff's civil rights claims against Carsey-Werner Productions and William Henry Cosby, Jr. should be dismissed with prejudice as frivolous.

### Bossier Parish Sheriff Department

Plaintiff names the Bossier Parish Sheriff Department as a defendant. A parish sheriff's office is not a legal entity capable of being sued. <u>Cozzo v. Tangipahoa Parish Council</u>, 279 F.3d 273 (5th Cir. 1/10/02). Thus, the Bossier Parish Sheriff Department is not a proper defendant. Accordingly, the Bossier Parish Sheriff Department should be dismissed from this action with prejudice.

**Department of Corrections**

The Eleventh Amendment bars § 1983 lawsuits in federal court against the Louisiana Department of Public Safety and Corrections. <u>Champagne v. Jefferson Parish Sheriff's Office</u>, 188 F.3d 312 (5th Cir.1999); see also <u>Cozzo v. Tangipahoa Parish</u>, <u>Id.</u> (the Eleventh Amendment bars federal § 1983 lawsuits against Louisiana state agencies for both money damages and injunctive relief). Because sovereign immunity deprives the Court of jurisdiction, claims barred by sovereign immunity should be dismissed without prejudice. <u>Warnock v. Pecos County, Texas</u>, 88 F.3d 341, 343 (5th Cir.1996). Accordingly, the Department of Corrections should be dismissed from this action without prejudice.

**Failure to Protect**

Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. <u>See Farmer v. Brennan</u>, 511 U.S. 825, 114 S.Ct. 1970 (1994). "It is not, however, every injury suffered by a prisoner at the hands of another that translates into constitutional liability for prison officials." <u>Farmer</u>, 114 S.Ct. at 1977. Instead, to prevail on a claim based on a failure

to protect, the inmate must show that he is incarcerated "under conditions posing a substantial risk of serious harm" and that the defendant prison officials were deliberately indifferent to the inmate's health and safety.  Id. at 1977-78.  The test for deliberate indifference is a subjective one.  Thus, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of fact from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979.

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference. Plaintiff does not allege that prison officials were aware of any excessive risk. In fact, Plaintiff has failed to allege that he was attacked by another inmate.  Accordingly, the actions on the part of the prison officials do not evidence an attitude of deliberate indifference.

Furthermore, Plaintiff's allegations fail to demonstrate that he has sustained any physical injury as a result of the alleged failure to protect.  Under the Prison Litigation Reform Act, "no Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  42 U.S.C.A. § 1997e(e).  Plaintiff seeks monetary compensation, but fails to allege a physical injury caused by Defendants' alleged failure to protect.   Accordingly, Plaintiff's claims should be dismissed with prejudice as

frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

The Court finds that the IFP complaint based upon a violation of Plaintiff's civil rights lacks an arguable basis in fact and law.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims against Carsey-Werner Productions, William Henry Cosby, Jr., and the Bossier Parish Sheriffs Department be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) and his civil rights claims against the Department of Corrections be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties

aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 16 day of August 2011.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE